IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD GREIST,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.    20-CV-5134 |
| | : | |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| Defendant. | : | |

**O R D E R**

**AND NOW**, this ___25TH___ day of May, 2023, upon consideration of Non-party Attorney Bruce Castor's Motions[1] for Leave to File Briefs As *Amicus Curiae* in Support of Plaintiff's Request for Review (ECF Nos. 34 and 37), Defendant's responses in opposition thereto (ECF Nos. 35, 38), and Plaintiff's briefs in support (ECF Nos. 36, 39), it is hereby **ORDERED** that the motions are **DENIED**.[2]

---

[1] Although docketed as a "Motion to File Amicus Brief," Attorney Castor's second filing (ECF No. 37), titled "Brief as *Amicus Curiae* in Support of Plaintiff's Request for Review," is actually an unauthorized *amicus curiae* brief filed without leave of court while his motion for leave remained pending.

[2] The decision to permit or refuse the filing of an *amicus* brief requires the court to consider whether: (1) the nonparty has a "special interest" in the case at hand; (2) his interest is not represented competently or at all in the case by the parties thereto; (3) the proposed filing is timely and useful; and (4) the nonparty is impartial to a particular outcome in the case. *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005)). The decision to accept or reject the filing rests "entirely within the court's discretion." *In re Nazi Era Cases Against German Defendants Litig.*, 153 F. App'x 819, 827 (3d Cir. 2005) (citations omitted). However, "[c]ourts in this district routinely deny amicus participation when it is unnecessary and the interests of the *amicus* are adequately protected in the case." *Panzer v. Verde Energy USA, Inc.*, No. 19-3598, 2021 WL 2186422, at *1 (E.D. Pa. May 27, 2021) (citing *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999); *Abu-Jamal v. Horn*, No. 99-5089, 2000 WL 1100784, at *4-5 (E.D. Pa. Aug. 7, 2000); *Goldberg v. City of Phila.*, No. 91-7575, 1994 WL 369875, at *1 (E.D. Pa. July 14, 1994)).

Here, none of these four factors weigh in favor of accepting the *amicus* brief. First, Attorney Castor claims that his special interest in the case is his "particular expertise when it comes to the application and enforcing of laws," (*see* Mot. for Leave, ECF No. 34), but this is

---

only a general, not a special, interest in the matter. Indeed, the professional background and experience set forth in Attorney Castor's brief pertains primarily to criminal law and seemingly has no relation to Social Security, even though he now claims a unique interest in this matter. Thus, this factor weighs against acceptance of his *amicus curiae* brief. *See Panzer*, 2021 WL 2186422, at *2 ("a generalized interest in preserving access to justice through class actions [was] insufficient to justify [ ] participation in th[e] case"); *Sciotto*, 70 F. Supp. 2d at 555 ("generalized interest in all cases related to school district liability and insurance . . . is not the kind of special interest that warrants *amicus* status"); *cf. Liberty Res., Inc.*, 395 F. Supp. 2d at 208-09 (finding that "an advocacy group that represents residents of public housing" had "a 'special interest' in ensuring that the rights of nonparty, non-disabled Section 8 tenants are represented in the litigation," where issue was whether defendant's administration of Section 8 violated the Americans with Disabilities Act).

Second, and relatedly, Attorney Castor's failure to identify a special interest means that he cannot show that this interest is not reasonably represented by Plaintiff, the actual benefits claimant, in this matter. Attorney Castor offers only vague, conclusory statements as to why his filing is necessary. (*See* Mot. for Leave, ECF No. 35, at 3 (promising to ensure that the Court understands "the relevant details and law" and "the impact" of its decision)). Moreover, Plaintiff, although *pro se*, has vigorously and competently, and over several filings, set forth his claims of retroactive rulemaking, violation of the Rehabilitation Act, and constitutional claims including due process and equal protection violations and violations of the prohibition against bills of attainder and *ex post facto* laws. (Am. Compl., ECF No. 7, at 2-6; Expansions of Issues, ECF Nos. 20-21, at 2-9; Pl.'s Br., ECF No. 27, at 6-17; Reply, ECF No. 33, at 5-20). He nonetheless maintains that he "has a fundamental right to Attorney Bruce Castor, Jr's amicus brief because this Court had previously acknowledged and approved his right to appointed counsel. However, such approval ultimately resulted in significant delay and no appointment has ever manifested." (Pl.'s Obj. to Def.'s Resp., ECF No. 39, at 2-4; *see also* Pl.'s Resp. Referencing Def.'s Resp., ECF No. 36, at 1). In fact, in the Court's Order granting Plaintiff's motion for appointment of counsel insofar as it directed the Clerk to make the matter available to the relevant attorney panel, the Court specifically warned: "Plaintiff should be aware that he has no legal right to an attorney in this civil action and that the Court is not appointing an attorney to represent him. Rather, the Court is asking an attorney to review Plaintiff's case. That attorney may exercise his or her discretion to determine whether to represent Plaintiff in this action." (Order, ECF No. 19, at 1). Thus, the Court's order conferred upon Plaintiff no absolute right to counsel, let alone the right to have Attorney Castor file an *amicus curiae* brief in this matter. If Plaintiff wished to retain Attorney Castor's services, and the latter was amenable to the representation, there was no legal impediment to Attorney Castor entering an appearance on Plaintiff's behalf and representing him in the context of a normal attorney-client relationship.

Third, the proposed *amicus curiae* brief would not assist the Court in ruling on this matter. In the brief, Attorney Castor offers two substantive arguments: (1) that the statutory provision at issue, 42 U.S.C. § 402(x)(1)(A)(ii), represents an unconstitutional bill of attainder; and (2) that the provision was improperly applied retroactively. (Proposed *Amicus Curiae* Br.,

2

BY THE COURT:

   /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

---

ECF No. 37, at 3-15). However, as set forth in greater detail in the accompanying Memorandum, these arguments are without merit. Courts have repeatedly rejected the argument that § 402(x) is a bill of attainder. *See Langella v. Gov't of United States*, 6 Fed. App'x 116, 117 (2d Cir. 2001) (rejecting claim that the provision constitutes a bill of attainder); *Butler v. Apfel*, 144 F.3d 622, 625-26 (9th Cir. 1998) (same); *Andujar v. Bowen*, 802 F.2d 404, 405 (11th Cir. 1986) (same); *Peeler v. Heckler*, 781 F.2d 649, 651-52 (8th Cir. 1986) (same); *Jones v. Heckler*, 774 F.2d 997, 998-99 (10th Cir. 1985) (same); *Jensen v. Heckler*, 766 F.2d 383, 385-86 (8th Cir. 1985) (same). And courts have also found that § 402(x)(1)(A) is *prospective*, not retrospective. *See John T. v. Saul*, 513 F. Supp. 3d 1032, 1039 (C.D. Ill. 2021) (finding that the provision is "prospective" because "it applies to benefits to be paid out after the date of the Act's enactment"); *Dawley v. Barnhart*, No. 05-11440-GAO, 2006 WL 2085976, at *2 (D. Mass. July 26, 2006) (finding that the plaintiff's "claim that the statute was retroactively applied to him also lacks merit" because his "benefits were prospectively suspended after the prescribed effective date of the relevant provision").

      Fourth, there is reason to doubt Attorney Castor's partiality in this matter. Although not referenced in his initial filing, Attorney Castor disclosed in his *amicus* filing (after the Acting Commissioner raised the issue of Attorney Castor's law firm partner's representation of Plaintiff in his release from psychiatric confinement) that Plaintiff paid him to file the brief. (Proposed *Amicus Curiae* Br., ECF No. 37, at 2). Attorney Castor protests that his "opinion is not influenced by that fact [of Plaintiff's compensation of him] and he is not involved in this case in any other way apart from the expressing of [his] opinion which would not change regardless of who asked him to render said opinion," but the fact remains that his firm's representation of Plaintiff in a related matter and Plaintiff's compensation of Attorney Castor for his opinion in this matter suggests a lack of partiality on Attorney Castor's part. Plaintiff claims that payment by a litigant for "an amicus brief is generally accepted practice and not uncommon," yet he fails to cite a single instance in which this has been permitted. (Pl.'s Obj. to Def.'s Resp., ECF No. 39, at 3). Under these circumstances, the Acting Commissioner's characterization of Attorney Castor as more of an "'*amicus reus*' or friend of the Plaintiff, than *amicus curiae*" is apt. (Resp., ECF No. 35, at 6 (quoting *Dobson Mill Apartments, L.P. v. City of Phila.*, No. 21-cv-273, 2022 WL 558348, at *2 (E.D. Pa. Feb. 23, 2022)).